NICHOLAS D. HICKS

*vs.*

AZRO A. STONE, JOHN D. BLAKE et al.,

and

NICHOLAS D. HICKS

*vs.*

AZRO A. STONE, F. A. HAWTHORNE et al.

Upon an appeal from an order of the District Court granting a new trial on the ground that the evidence is insufficient to justify the verdict, great weight will be given by this Court to the opinion of the Judge presiding below. But if upon a careful perusal of the testimony, and upon mature reflection, this Court is satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, such an order will be reversed.

It is only to such matters as are relevant to the issue, that it is allowable to show that a witness has made statements contrary to what he has testified upon the trial. These statements are not to be received as substantive evidence, but their effect is to be confined to the object of impeaching the credit of the witness shown to have made them.

A party purchasing goods (from a person who is as against the creditors of his vendor a fraudulent vendee), such party having paid nothing on his purchase, is not protected as an innocent and *bona fide* purchaser for value, against a levy by such creditors, notwithstanding he was at the time of his purchase ignorant of the fraud.

Hicks v. Stone et als.

These actions were brought in the District Court for Nic-ollet county to recover the value of a stock of goods, alleged to be the property of the plaintiff and wrongfully taken and detained by defendants. The defendants justify the taking, alleging that at the time the goods were the property of La Dow & Isaacs, a firm composed of William C. La Dow and Samuel T. Isaacs, and that it was taken by the defendant Stone, then sheriff of said county, under and by virtue of certain writs of attachment issued against the property of said firm in certain suits in said Court, commenced against them by the other defendants. The plaintiff claimed under an alleged sale by La Dow & Isaacs to one James La Dow and a sale by James La Dow to him. These sales, the de-fendants alleged, were fraudulent and void as against the creditors of La Dow & Isaacs. Upon this question of fraud issue was joined. The same issue was presented in both actions, and by stipulation they were tried together. The jury before whom they were tried found a general verdict for the defendants. The plaintiff moved for a new trial, on the grounds: 1. That the verdict is against evidence; 2. That the verdict is against law; 3. That there was error of law occurring at the trial excepted to by plaintiff. The Court granted the motion, and the defendants appeal from the order granting the same to this Court. The exceptions to the rulings on the trial appear in the opinion of the Court. The evidence on the trial was very voluminous, covering some forty closely printed pages in the paper book, and a full statement in regard to its sufficiency to sustain the verdict, as it could not be abbreviated to any considerable extent, would require more space than its importance would justify, as by the decision these cases are finally determined, and another, sustained by just such testimony, is not likely to arise.

G. E. COLE for Appellants.

WILLIAM MITCHELL and SUMNER LADD for Respondent.

*By the Court*—BERRY, J.—By stipulation the above entitled actions were tried below together. They were argued together in this Court, and present the same questions for our determination. The jury having brought in a general verdict for the defendants, the plaintiff moved for a new trial for the reasons " (1) that the verdicts are not justified by evidence; (2) that the verdicts are contrary to law; (3) that there were errors in law occurring at the trial and excepted to by plaintiff." The motion was granted, and it would appear from the opinion of the learned Judge below, which comes up here in the paper book, that it was granted principally, if not altogether, on the ground that the verdicts were not justified by the evidence. The appellants insist that these cases are to be decided by this Court as if the motions for a new trial were made here *de novo*, and that the granting of a new trial is not a matter of " discretion in the presiding Judge, but to be determined by this Court upon the rules and principles governing such motions, without regard to the opinion of the Court below." To this we do not agree. As the statute confers the right of appeal from an order by which a new trial is granted on account of the insufficiency of the evidence to justify the verdict, it is obvious that cases are contemplated in which it will be the duty of the appellate Court, upon a careful review of the evidence reported, to reverse the order appealed from. If this is not so, if the opinion of the presiding Judge upon the weight of evidence is conclusive in all cases, then the right of appeal is a delusion, and the legislature in pretending to confer the right, would be convicted of trifling with the administration of justice, an idea not to be

Hicks v. Stone et als.

entertained. But while the appellate Court can look at the return only, the Judge before whom the action is tried at *nisi prius*, observes the demeanor of the witnesses, listens to the arguments of counsel, notes what topics are presented to the jury, and with what force and ingenuity, in short, he witnesses the whole conduct of the trial, and thus enjoys peculiar facilities for estimating the effect which will naturally be produced upon the minds of the jury, and for forming a judgment upon the real merits of the controversy. In view of these facts, we conceive that the opinion of the presiding Judge upon the sufficiency of the evidence to justify a verdict is entitled to great weight with this Court, where it is called upon to review an order granting a new trial. In such cases the duty imposed upon this Court is difficult, embarrassing and delicate, but it is a duty from which we have neither the desire or the right to shrink. In our judgment, however, we should not be warranted in reversing an order of this kind simply because, if the Judge below had refused to grant a new trial we should have felt bound to sustain him; nor because there was evidence reasonably tending to support the verdict; nor because, if the motion for a new trial had been made before us in the first instance, we should upon a consideration of the evidence and its preponderance have denied the motion. But if upon a careful perusal of the testimony, and upon mature reflection, we feel satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, we should then deem it our duty to reverse an order granting a new trial. To do otherwise, would be to permit a Judge to usurp the functions of a jury, and to ignore the line of distinction which separates the legitimate province of the one from that of the other. In making an application of these views to the case in hand, we deem it hardly practicable to recapitulate the testimony laid before the jury. It

is quite voluminous, occupying about forty closely printed pages of the paper book. The question litigated was whether a certain transfer of a stock of merchandise was fraudulent or not, as against the defendants who were attaching creditors, and to this question all or nearly all of the testimony reported appears to have been addressed. It is a mattter of common remark that the perpetration of fraud in a transaction of this nature, must ordinarily be proven, if at all, by circumstantial evidence.

Except as to those who immediately participate in its perpetration, it is usually committed with a secrecy and cunning which hide it to a greater or less extent from common observation. Hence it follows that fraud in transfers of property to the prejudice of creditors, is generally made out by evidence of circumstances surrounding the transaction which are recognized and permitted to go to a jury as badges and earmarks of fraud.

It is to the abundant testimony of this character in this case that we think the learned judge below has failed to give due weight. It would be impossible to do justice to the case made out by the defendants, as against the case made by the plaintiff, without recapitulating almost the entire testimony contained in the return, but upon a painstaking examination of all the evidence, we are satisfied beyond any reasonable doubt, that the verdict of the jury was supported by the clear and manifest weight of the evidence. Few, if any instances, have fallen under our observation, in which fraud in the transfer of property to the prejudice of creditors, has been made out by evidence more clear and convincing than that which was laid before the jury in this case.

In arriving at this conclusion we have not only examined this testimony with care and reflection, but we have endeavored to give to the opinion of the learned judge who presi-

ded in the trial the weight to which it is entitled; and on the whole, we are convinced that the Court below erred in granting a new trial, so far as it was granted on the ground that the evidence was insufficient to justify the verdict.

In the written decision of the Court below, upon the motion for a new trial, we find some suggestions upon the point that the verdict was against law. The admissibility of certain testimony was discussed upon the argument here, and is alluded to in the opinion of the Judge below. The testimony was offered for the purpose of showing that some of the plaintiff's witnesses had made statements out of Court contrary to what they had testified upon the trial. . It is well settled that the credit of a witness may be impeached in this way, "But it is only in such matters as are relevant to the issue that the witnesses can be contradicted." 1 *Gr. Ev.*, *sec.* 462, (3.) In these cases the plaintiff attempted to prove the good faith of the transfer of goods, (which the defendants claim to be fraudulent,) and to repel any presumption, inference or imputation of fraud in the same, by showing what the consideration for the transfer was, and its amount and nature. It is obvious that testimony introduced for this purpose and tending to prove these facts, was relevant to the issue of fraud, or no fraud. And if it was, there can be no doubt that testimony tending to show that the plaintiff's witnesses had made statements out of Court contradictory to what they testified upon the stand on these points, was admissible under the rule as laid down by Prof. Greenleaf. The fact that the statements, the proof of which was objected to, were the declarations of the alleged fraudulent vendors, does not affect their competency for the purpose of impeachment.

These statements are not substantive testimony, that is to say, they are not evidence of the truth of the matters stated, but their force and effect is to be strictly confined to the ob-

ject of impeaching the credit of the witness who is shown to have made them. For this purpose we think the testimony was properly received. It is said by the Judge below, that admitting that the original transfer of the goods to James La Dow was fraudulent, there was no testimony to show that the plaintiff was a party to the fraud. We think there was testimony in the case tending to show that the plaintiff not only knew of the fraud, but participated in carrying it into effect. But even if this were not so, as it appears that the plaintiff has never paid anything upon his alleged purchase from James La Dow, he is not then entitled to protection as an innocent and *bona fide* purchaser for value. The counsel for the respondent makes the point that *sec.* 1, *ch.* 51, *Pub. St.* being repealed, (see *Gen. St.*, *p.* 335,) and that the possession of the goods in controversy having been parted with by the vendors, and no evidence being given to show a "trust or interest reserved in the goods for the use of the vendors," the question of fraud in the transfer of the goods cannot be raised. In *Blackman vs. Wheaton*, a case decided at this term, we had occasion to consider the same question, and we held that it was not well taken. We believe that this disposes of the points made in this case in reference to the ground that the verdict was properly set aside as against law.

The order appealed from is reversed.