## WILLIAM H. CAMPBELL *vs.* JOHN LANDBERG.

### February 23, 1881.

*Affirmance of an order of the district court granting a new trial, upon the ground that the verdict is not justified by the evidence.*

Defendant, as sheriff of Stevens county, by virtue of certain writs of attachment issued in actions brought against James McGowan by his creditors, took possession of a stock of goods as the property of said McGowan. Thereupon plaintiff in this action, having made and served upon defendant an affidavit of ownership and a demand for the return of the goods, which was not complied with, commenced this action in the district court for the counties of Stevens, Big Stone and Traverse, to recover the value of the goods so taken. On the trial, before *Brown*, J., and a jury, the title of plaintiff was shown by a purchase from McGowan, completed on January 10, 1879, about ten days before the defendant seized the goods, the only consideration for which purchase was plaintiff's note for an amount equal to the cost price of the goods less the freight, McGowan being at the time of the sale hopelessly insolvent. The jury brought in a verdict for plaintiff for the value of the stock as claimed in the complaint. Plaintiff appeals from the order of the district court granting defendant's motion for a new trial.

*H. T. Bevens* and *Stocker & Matchan,* for appellant.

*Mead & Thompson* and *C. L. Brown* for respondent.

BERRY, J. In the district court the defendant moved for a new trial upon several grounds; but, from the memorandum of the district judge, it appears that the motion was granted solely upon the ground that, upon the evidence in in the case, McGowan's sale to the plaintiff was clearly fraudulent and void as respected McGowan's creditors, so that the verdict was not justified. After considerable hesitation we have, upon a careful examination of the testimony, come to

the conclusion that the order awarding a new trial should not be disturbed. The principles upon which this court proceeds in such cases are stated in *Hicks* v. *Stone,* 13 Minn. 434, which was followed and applied in *Barron* v. *Paulson,* 22 Minn. 36.

Order affirmed.