ESAIAS RHEINER *vs.* STILLWATER STREET RAILWAY AND TRANSFER COMPANY.

## May 30, 1882.

**Verdict against Evidence—New Trial—Discretion of Trial Court.—** Where the trial court has granted a new trial, upon the ground that the verdict is against the evidence, this court will not reverse its action imply because there was evidence reasonably tending to support the verdict, but where the preponderance of the evidence seems to be against the verdict. The rules laid down in *Hicks* v. *Stone*, 13 Minn. 434, which should govern an appellate court in reviewing the action of a trial court in granting a new trial on the ground that the verdict is against the evidence, considered, approved, and applied.

Appeal by Rheiner from an order of the district court for Washington county, *Crosby*, J., presiding, granting a new trial, unless he should consent, within ten days, to reduce the verdict from $23,500 to $15,000.

*L. E. Thompson* and *John M. Gilman*, for appellant.

*Marsh & Searles* and *James N. Castle*, for respondent.

MITCHELL, J.    This was a proceeding to condemn the real estate of appellant, for the purposes of respondent's railway. The only question for determination on the trial was the value of the property. The jury found a verdict for appellant for $23,500. The railway company moved for a new trial, upon the grounds that the damages were excessive, and that the verdict was not justified by the evidence. The court made an order granting a new trial, unless the appellant should within 10 days consent to reduce the verdict to $15,000, in which case a new trial would be denied. Appellant refused to reduce his verdict, and appealed from the order.

In determining this appeal we deem it unimportant that the new trial was only granted conditionally. If the court had no right to grant a new trial unconditionally, it had no right to grant it conditionally; and if it had a right to grant it unconditionally, this appellant would have no ground of complaint, because it was only granted conditionally. The case must therefore be considered and decided

precisely as if the order had been absolute in the first instance, and, in considering it, the distinction must be kept in view between the position of the trial court in granting the new trial, and that of this court in reviewing that action. The rules that should govern a trial court in granting or refusing a new trial are here material only so far as they will aid in determining whether the court below has, in granting this order, violated any positive rule of law, or so abused its discretion as to require this court to reverse its action.

The matter of granting or refusing a new trial, on the ground that the verdict is against the evidence, is, within certain established rules, largely within the discretion of a trial court, and the power of reversing its action will be exercised by an appellate court with caution, and not unless the trial court has abused its discretion. This discretion was formerly so absolute that, when no positive rule of law was violated, the decisions of the trial court in respect to motions for new trials were not subject to revision in error. In England it was the usual practice to order a new trial when the judge who tried the case certified that he was not satisfied with the verdict. Of course any such rule or practice would be inconsistent with our statute giving a right of appeal from an order granting or refusing a new trial. But it illustrates the fact that the matter of granting a new trial has always been considered largely addressed to the judicial discretion of the trial court, and that appellate courts have always been cautious in the exercise of the power to reverse its action.

The reasons why this is so, and should be so, are apparent, and have been stated so often that it is unnecessary to again refer to them.

This court, in *Hicks* v. *Stone,* 13 Minn. 434, laid down the following rules which would govern them in reviewing the action of a trial court in granting a new trial on the ground that the verdict was not justified by the evidence: We there stated that we would not be warranted in reversing an order of this kind, simply because, if the judge below had refused to grant a new trial, we should have felt bound to sustain him; nor because there was evidence reasonably tending to support the verdict; nor because, if the motion for a new trial had been made before us in the first instance, we should have, upon a consideration of the evidence and its preponderance, denied

the motion. But if, upon careful perusal of the testimony, and mature reflection, we feel satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, we would then deem it our duty to reverse an order granting a new trial. We think the rules thus laid down are correct, and that they leave to the trial court that reasonable judicial discretion which he ought to have in such matters, and at the same time protect a party in his statutory right to have this action of the trial court reviewed on appeal. The rule thus adopted is far within the doctrine of some courts, which hold that they will never disturb an order granting a new trial if there is a substantial conflict in the evidence.

Under the rules thus laid down in *Hicks* v. *Stone* we think there is no ground for interfering with the order appealed from in this case. The only question before the jury was the market value of the tract of land proposed to be taken. It was situate in the city of Stillwater, and in size was 60 by 240 feet. On the question of value, appellant introduced four witnesses, including himself, who all fixed the value of the land, exclusive of buildings, at $1.60 per square foot, amounting to $23,000. The appellant and one of his witnesses estimated the value of the buildings at from $2,900 to $3,000; the others fixed no value upon them. The respondent introduced six witnesses, who fixed the value of the land, exclusive of the buildings, at from $4,500 to $6,000, and the buildings at from $1,500 to $2,-500. There was also some evidence introduced as to the location of the property, the character of the buildings thereon, and their estimated rental value, and as to the suitableness of the property for certain business purposes. The record discloses no reason why the witnesses of respondent, as to the value of this property, were not at least as truthful and intelligent as those of appellant. It will be observed that all four of appellant's witnesses put the value of the land at exactly $1.60 per square foot, which is from four to five times the value placed upon it by six witnesses of respondent. The jury substantially adopted the valuation of the former, and ignored that of the latter. It was to be expected that upon the question of value, which is mainly one of judgment, there would be quite a difference of opinion; but it would seem that, in an old and established city like

Stillwater, there would be something approximate to a fixed basis for estimating the market value of real estate, and it is certainly remarkable that four men should fix the market value of a tract of business property at from four to five times that put upon it by six others, apparently equally well informed on the subject. If all were honest, it would seem as if the witnesses on one side or the other must have been ignorant of the subject about which they were testifying, or else adopted some erroneous standard in estimating the market value of this property.

Under such circumstances we cannot say that the court erred, or was guilty of an abuse of discretion, in setting aside the verdict, and submitting the question to another jury, although there was evidence reasonably tending to support the verdict. So far from being satisfied, as in the case of *Hicks* v. *Stone*, that the preponderance of the evidence is manifestly and palpably in favor of the verdict, it would seem, so far as can be determined from a printed record, that the preponderance of the evidence was rather against it. Courts should rarely take upon themselves to decide as to the weight of evidence where it is conflicting. Were they to do so, they might with truth be charged with usurping the privileges of the jury. A court ought to exercise not merely a cautious, but a strict and sure, judgment before setting aside a verdict in such a case. Hence the general rule is that a verdict will not be set aside unless clearly and palpably against the evidence. But we are not prepared to assent to the proposition that a court has no right to grant a new trial in any case where there is evidence reasonably tending to support the verdict, and that, if it should do so, it would necessarily be an encroachment upon the right of trial by jury. Cases may occur where there is some evidence reasonably tending to support the verdict, and yet it be so manifestly unjust as to justify a court in setting it aside; and to do so in such a case is no violation of the right of trial by jury, nor setting up the judgment of the court in place of that of the jury, but merely submitting the question for re-examination to the same jurisdiction.

Order affirmed.