G. A. Jacobson and another *vs.* J. W. Williams.

July 15, 1885.

**Practice—New Trial—Insufficiency of Evidence.**—An order of the trial court, granting a new trial for insufficiency of the evidence, affirmed, in accordance with the rule declared in *Hicks* v. *Stone*, 13 Minn. 398, (434;) *Rheiner* v. *Stillwater Street Ry. & Transfer Co.*, 29 Minn. 147; and other cases.

Appeal by defendant from an order of the district court for Lyon county, *Webber*, J., presiding, granting a new trial.

*D. F. Weymouth*, for appellant.

*A. C. Forbes*, for respondents.

Dickinson, J. Action to recover for lumber sold by the plaintiffs, copartners, to the defendant. The defence was that one of the copartners, Jacobson, being indebted to the defendant, it was agreed between him and the defendant, with the knowledge and consent of Peterson, that the lumber should be paid for by the application of the price upon the debt of Jacobson, the amount being indorsed upon his note to the defendant, which was accordingly done. The only fact in doubt, upon the evidence presented upon the trial, was as to whether Peterson had consented to or ratified this agreement of his copartner with the defendant. The undisputed evidence was that Peterson did not know of this agreement until afterwards, and there was no proof of ratification on his part except from the fact that this

action was not brought until about two years after Peterson was informed that Jacobson was indebted to the defendant, and more than three years after the sale of the lumber. In the mean time the copartnership had terminated. The inference of Peterson's assent which might have been drawn from the delay in enforcing the debt, if Peterson had been informed of the agreement, is opposed by the testimony of Peterson, which is not contradicted, that "he did not know anything about this indorsement being made on this note." The jury having returned a verdict for the defendant, the court granted a new trial, and the defendant appealed.

The ground upon which the new trial was granted does not appear, but it is to be considered as having been for the insufficiency of the evidence of ratification, for the case is so treated by both parties. If it is true that Peterson did not know of the agreement, the delay in enforcing this claim would not justify the inference of his having assented to or ratified the act of his copartner; and, in view of the uncontradicted testimony of Peterson upon this point, although it is meagre and not very satisfactory, the action of the trial court should be sustained, applying the rule laid down in *Hicks* v. *Stone,* 13 Minn. 398, (434,) and *Rheiner* v. *Stillwater Street Ry. & Transfer Co.,* 29 Minn. 147, and which has been repeatedly reaffirmed and applied in this court. *Young* v. *Davis,* 30 Minn. 293, and cases cited; *Carlson* v. *Small,* 32 Minn. 439.

Order affirmed.