FARMERS' & MERCHANTS' STATE BANK *vs.* MATTHIAS HAUG *et al.*

Submitted on briefs May 2, 1892. Decided May 16, 1892.

Practice—Review of Order—Granting a New Trial.—*Hicks* v. *Stone*, 13 Minn. 434, (Gil. 398,) followed, in a case wherein the verdict of a jury was set aside, and a new trial granted.

Evidence Considered.—*Held, further,* that upon the evidence the order appealed from was justified.

Appeal by defendants, Matthias Haug and Joseph A. Mannheim, from an order of the District Court of St. Louis County, *Stearns,* J., made September 19, 1891, granting a new trial.

The plaintiff, the Farmers' & Merchants' State Bank of Minneapolis, on April 8, 1891, bought of W. J. Marson a promissory note for $1,000 and interest, made by defendants, and payable to him or his order, dated October 25, 1890, and due six months thereafter. Marson indorsed the note to plaintiff, and received $999 for it. This note was not paid when it fell due, and plaintiff brought this action upon it. Defendants answered that the note was given for the balance of a judgment recovered against Haug, by Galen B. Coffin, as assignee of the Petrole Fuel Company, and by a collateral written agreement so much of it only was to be paid as should be required to pay the creditors of that company; that no part of it was necessary for that purpose; that the bank was not a *bona fide* purchaser without notice, but was secured, and was prosecuting the action for Marson's benefit.

On the trial, evidence was given tending to establish the answer, and the jury rendered a verdict for the defendants. The court, on motion of the plaintiff, set the verdict aside as not justified by the evidence, and granted a new trial. From that order this appeal is taken.

*Cash & Williams,* for appellants.

At the time of the delivery of the note by the defendants to Marson, it was not a negotiable instrument, because of the contempo-

raneous written agreement between the parties. His sale of it therefore was a fraud upon the makers, and fraud shifts the burden of proof upon the plaintiff to show that it was a *bona fide* holder for value. *Merchants' Exch. Bank* v. *Luckow*, 37 Minn. 542; *Westman* v. *Krumweide*, 30 Minn. 313; *Skaaraas* v. *Finnegan*, 31 Minn. 48; *Cummings* v. *Thompson*, 18 Minn. 246, (Gil. 228.)

The two witnesses called by plaintiff to prove it was a purchaser for value without notice of the fraud were M. F. Scofield and W. J. Marson. If Marson transferred the note to plaintiff without giving it notice of his agreement with defendants, he committed a fraud on the defendants, and little or no reliance could be placed upon his testimony. Scofield's testimony is hesitating and contradictory, and his utter forgetfulness of the terms of a statement he says he signed in relation to the note in question is remarkable. He says Marson was abundantly responsible, and had deposited security with the bank for its protection; yet this suit was commenced only against the makers, of whom plaintiff had no knowledge except by hearsay. The witness admits that such a course was out of the usual custom, but can give no satisfactory reason for having done so. *Hawkins* v. *Sauby*, 48 Minn. 69.

*Brooks & Hendrix* and *Cotton & Dibell*, for respondent.

Defendants failed to prove any fraud or illegality in the note in suit. No proof was offered to show that the note was or was not necessary to pay the creditors of the Petrole Fuel Company. Defendants averred that it was not necessary for such purpose, but offered no proof in support of their averment.

*Fitch* v. *Jones*, 5 El. & Bl. 238, is the base of the decision of this court in *Cummings* v. *Thompson*, 18 Minn. 246, (Gil. 228.) *Fitch* v. *Jones* was a case of want of consideration, and that court held that the plaintiff might make his title by presumption without showing his good faith, and this court has not extended the doctrine beyond the rule there stated.

This court will not reverse the order of the trial court granting a new trial, for insufficiency of evidence to support the verdict, unless it is satisfied that the preponderance of the evidence on the trial

was palpably and manifestly in favor of the verdict. *Hicks* v. *Stone,* 13 Minn. 434, (Gil. 398.)

PER CURIAM. The preponderance of the evidence produced upon the trial of this case, instead of being manifestly and palpably in favor of the verdict, which would have to be shown in order to warrant a reversal of the order appealed from,—*Hicks* v. *Stone,* 13 Minn. 434, (Gil. 398,)—was manifestly and palpably opposed to the verdict. It was abundantly established by the testimony, none of which seems to have been contradicted, that the plaintiff bank purchased the note in question in the due course of business, in good faith, before maturity, and for value. It was also affirmatively shown by the plaintiff that at the time of the purchase it had no notice whatsoever of any agreement entered into by the payee, which tended in any degree to impair the negotiable character of the paper. The court below was fully justified in making the order setting aside the verdict, and granting a new trial.

Order affirmed.

(Opinion published 52 N. W. Rep. 214.)