TIMOTHY D. SHEEHAN et al. vs. JAMES B. DOWLING.

Argued Nov. 6, 1893.   Affirmed Nov. 17, 1893.

No. 8339.

**Discretionary order not reviewed.**

Where there is no abuse of discretionary power on the part of the trial court in its order granting the motion for a new trial, such order will be sustained by this court.

Appeal by defendant, James B. Dowling, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made March 25, 1893, granting plaintiffs' motion for a new trial.

The plaintiffs, Timothy D. Sheehan and Edward J. Cannon were partners in business practising law at St. Paul and were retained by, and rendered professional services for defendant, for which he by special contract agreed to pay them $2,000.    They brought this action to recover this sum and $1,105.76, money paid, laid out and expended for his use and benefit and at his request.    They admitted payment of $1,591.18 on account.    Defendant answered admitting plaintiffs to be attorneys at law but denying every other allegation of the complaint.    For counterclaim he alleged that plaintiffs collected and received for him the $1,591.18 and had paid to or for him $966.30 thereof and he demanded judgment for the balance. On the trial defendant had a verdict for $507.76.    Plaintiffs moved for a new trial and it was granted, the Court saying that plaintiffs' evidence of the special contract was clear, positive and explicit, but defendant's evidence regarding it was evasive, indefinite and ambiguous, that the preponderance was so great that it was manifest the verdict should not stand.    The discussion in this Court was upon the evidence, whether it was so balanced that the trial Court was justified in setting the verdict aside.

v.55M.—19

*C. D. & Thos. D. O'Brien,* for appellant.

*M. D. Munn,* for respondents.

BUCK, J.	We have examined with care the quite lengthy record in this case, and we think that the court below was fully justified upon the evidence in granting a new trial.	And we do not feel disposed to depart from the rule laid down in *Hicks* v. *Stone*, 13 Minn. 434, (Gil. 398,) that great weight will be given by this court to the opinion of the judge who presided on the trial in the court below.	Manifestly there was no abuse of discretion of the trial judge, and his order granting a new trial is affirmed.

(Opinion published 56 N. W. Rep. 896.)