ARNOLD KOENIG v. EUGENE O. LUDOWESE.

243 N. W. 2d 29.

May 21, 1976—No. 45764.

*McGraw & Haas* and *W. B. Haas*, for appellant.
*Wurm & Selander* and *R. D. Selander*, for respondent.

SHERAN, CHIEF JUSTICE.

This appeal arises in an action for damages for breach of alleged contracts to derive certain benefits for crop acreage diversion under the price support program of the United States Agricultural Stabilization and Conservation Service. Plaintiff was awarded $21,917.15 pursuant to a special verdict. After the entry of judgment, the district court, pursuant to defendant's motion, entered an order vacating the jury's verdict and order for judgment and granting a new trial on the ground that the verdict of the jury was not supported by the evidence. Plaintiff appealed from that order.[1]

Language appearing in our opinions with respect to the standard to be applied in reviewing an order granting a new trial suggests the advisability of a review and assessment of our decisions in this area, particularly in light of Rule 105.01, Rules of Civil Appellate Procedure, effective February 1, 1968, which au-

---

[1] This is an appealable order as it has the effect of vacating a judgment. See, Grorud v. Thomasson, 287 Minn. 531, note 1, 177 N. W. 2d 51, 52 (1970).

thorizes discretionary review by the supreme court of otherwise nonappealable orders, such as those granting new trials pursuant to Rule 59.01(7), Rules of Civil Procedure.

Two early opinions of this court held that an order granting a new trial for insufficiency of evidence will not be reversed unless the preponderance of the evidence is manifestly and palpably in favor of the verdict. Hicks v. Stone, 13 Minn. 398 (434) (1868); Rheiner v. Stillwater St. Ry. & T. Co. 29 Minn. 147, 12 N. W. 449 (1882). Later, in Hull v. Minneapolis, St. P. & S. S. M. Ry. Co. 116 Minn. 349, 356, 133 N. W. 852, 855 (1911), we said:

"The rule of Hicks v. Stone was designed to include only those cases where the trial court for reasons peculiarly within its knowledge is justified in concluding that the ends of justice will be best served by submitting the evidence to another jury. Such a conclusion may be founded in a doubt as to the credibility of the witnesses, a doubt as to the probative force and character of the evidence, or a feeling gained from the course and manner of the trial, and the atmosphere thereof which is incapable of being spread upon the record, that a fair and impartial trial was not had.

"These and kindred reasons are the basis for the discretionary power of the court in ordering a new trial on the ground that the evidence does not support the verdict. *The power is not, however, an arbitrary one,* and must be founded upon reasons similar to those stated. Where the evidence in the opinion of the court fails to establish a material fact, a fact essential to the cause of action or defense, an order granting a new trial for that reason does not spring from the discretionary power of the court." (Italics supplied.)

In Buck v. Buck, 122 Minn. 463, 142 N. W. 729 (1913), we indicated that the question for the trial court in the first instance, and for the appellate court upon review, in cases of this kind is whether there is "any evidence reasonably tending to sup-

port [the jury] verdict? If so, it must be sustained. If not, it [can be] properly set aside." 122 Minn. 468, 142 N. W. 731.

In Zuber v. N. P. Ry. Co. 246 Minn. 157, 74 N. W. 2d 641 (1956), we declared that in reviewing a trial court's order granting or denying a motion for new trial, this court considers merely whether the trial court exercised reasonable discretion.

Ginsberg v. Williams, 270 Minn. 474, 135 N. W. 2d 213 (1965), recognized the broad discretionary authority on the part of trial courts to order new trials in cases where the verdict is not supported by the evidence.

These decisions, considered together, may give the impression that the trial court is free to set aside a jury verdict whenever it is displeased or dissatisfied with the result of the jury's deliberations. This is not the case.

As early as 1882, in Rheiner v. Stillwater St. Ry. & T. Co. 29 Minn. 147, 150, 12 N. W. 449, 451, Mr. Justice Mitchell noted that a trial court "ought to exercise not merely a cautious, but a strict and sure, judgment before setting aside a verdict" rendered by a jury, for "the general rule is that a verdict will not be set aside unless clearly and palpably against the evidence." The reasons supporting this view of Mr. Justice Mitchell apply even more strongly today. The likelihood of unjust jury verdicts resulting from poor preparation or surprise has been reduced, if not eliminated, by the wide-ranging modes of discovery permitted under the Rules of Civil Procedure first adopted in 1951. Jurors, when selected in compliance with the relevant statutes[2] and special acts,[3] are generally equipped by experience and education to assess evidence and decide the questions referred to them for decision. These factors should enhance the reliability of jury verdicts and increase judicial confidence in the soundness of their decisions.

Finally, our courts, already strained to meet the burdens of

[2] Minn. St. 593.13, 593.14.

[3] L. 1959, c. 219.

increasing litigation, should not complicate the allocation of judicial manpower and resources by granting motions for new trial pursuant to Rule 59.01(7), Rules of Civil Procedure, in cases where the preponderance of the evidence fails to suggest clearly jury mistake, improper motive, bias, or caprice. See, State, by Lord, v. Pearson, 260 Minn. 477, 493, 110 N. W. 2d 206, 217 (1961).

In summary, trial judges should exercise the authority granted in Rule 59.01(7) with reluctance and caution, particularly in cases where there are no expressed and articulable reasons, based upon demonstrable circumstances or events, which support a conclusion that injustice has been done. To the extent that this approach represents a more restrictive policy than was applied in some of the decisions discussed above with respect to the exercise of the trial court's discretion to grant new trials following jury verdicts, we believe it is required for the reasons stated.

In the instant case, the record supports the decision of the trial court, in light of the standard of review here expressed and applied.[4] Therefore, the order granting the new trial is affirmed.

Affirmed.

.

---

[4] Emerson v. Pacific Coast & Norway Packing Co. 96 Minn. 1, 4, 104 N. W. 573, 574 (1905); Force v. Gottwald, 149 Minn. 268, 273, 183 N. W. 356, 358 (1921). Accord, Appliances, Inc. v. Queen Stove Works, Inc. 228 Minn. 55, 63, 36 N. W. 2d 121, 125 (1949). See, also, Farabee-Treadwell Co. v. Union & Planters' Bank & Trust Co. 135 Tenn. 208, 186 S. W. 92 (1916); Humble Oil & Refining Co. v. Luckel, 171 S. W. 2d 902, 907 (Tex. Civ. App. 1943).