**David Joseph SIEGLER, et al., Appellants,**

v.

**Gary CONNER, Respondent.**

**No. C5–86–962.**

Court of Appeals of Minnesota.

Nov. 25, 1986.

Thomas J. Lyons, St. Paul, for appellants (on appeal only).

Jon L. Levy and Donald Wheat, Minnetonka, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellant David Siegler's motion for judgment notwithstanding the verdict or, in the alternative, a new trial after an adverse verdict in an action for damages arising out of an automobile accident. Appellant contends the trial court erred (1) in denying his motion for judgment notwithstanding the verdict because evidence in the record overwhelmingly establishes negligence on the part of respondent, and (2) in refusing to grant him a new trial because the jury's findings, pursuant to special verdict questions, are contrary to the preponderance of the evidence. We disagree and affirm.

## FACTS

On the morning of March 13, 1980, appellant was traveling eastbound on Shepard Road in St. Paul, Minnesota. Shepard Road is a four-lane highway with two lanes running in each direction. It was snowing on this particular morning, and road conditions were wet and slippery. A build-up of slush had formed on the center line of Shepard Road and along the sides of the road. Rush hour traffic had slowed to approximately 35 to 40 m.p.h.

Respondent was also traveling on Shepard Road on the morning of March 13, 1980. He had left his home between 6:30 a.m. and 6:45 a.m. in order to catch an 8:30 a.m. flight from the Minneapolis airport. Respondent was driving a new 1979 Ford Mustang that had a small, four-cylinder engine.

Respondent was proceeding westbound on Shepard Road in the inside lane. Traffic flowed on both sides of respondent and he was traveling at approximately 35 m.p.h. As respondent approached a sharp inclining curve, a car to his right began moving into his lane, causing slush to spray onto respondent's windshield. To avoid the merging car, respondent veered his car further to the left into the direction of oncoming traffic. As respondent veered, his left front wheel became caught

in a slush pile, causing his car to slide. Rather than apply his brakes at this time, respondent attempted to steer his way out of the slush, but respondent's car slid into the eastbound lane and collided with appellant's car.

Respondent had not experienced any difficulty controlling his car prior to the accident. Respondent did not attempt to apply his brakes until he realized a collision with appellant was inevitable. Appellant saw respondent's car sliding toward him and attempted to avoid respondent by moving his car further to the right. The collision pushed appellant's car over a guardrail and into a beam tower. On impact, appellant was tossed around in his car, and injured his hand and head on the dashboard.

Police arrived at the scene of the accident approximately 15 minutes later. While waiting for the police to arrive, both parties noticed other cars experiencing difficulty in controlling their vehicles around the curve. The police took appellant to work and respondent to a nearby hospital. Appellant made an appointment to see a chiropractor, Dr. Fieber, later that afternoon. Respondent had been undergoing active treatment with Dr. Fieber for a strained middle back.

Following the accident, appellant continued his treatments with Dr. Fieber on a regular basis. At Dr. Fieber's suggestion, appellant joined a health club and saw other physicians referred by Dr. Fieber.

Appellant's back injuries following the accident prevented him from returning to work on a full-time basis. In November 1982, Dr. Fieber recommended that appellant discontinue working entirely. Appellant then quit his job and was unemployed throughout 1983. In February 1984, appellant was rehired by his previous employer. Appellant contends his personal life has also been disrupted by injuries sustained in the accident and he must limit physical contact with his wife and children and cannot assist with various household duties.

Appellant sued respondent, alleging negligence and unlawful actions. At trial, the jury responded to special verdict questions and found that neither appellant nor respondent had been negligent in the operation of their vehicles. Appellant's motion for judgment notwithstanding the verdict or, in the alternative, a new trial was denied by the trial court. The court stated that "matters raised in Plaintiffs' motion are within the province of the jury and that there is sufficient evidence to support the jury's answers in the Special Verdict."

## ISSUE

Did the trial court err in refusing to grant appellant judgment notwithstanding the verdict or, in the alternative, a new trial?

## ANALYSIS

1. Appellant contends the trial court erred in refusing to order judgment notwithstanding the verdict. A judgment notwithstanding the verdict "may be granted only when the evidence is so overwhelming on one side that reasonable minds cannot differ as to the proper outcome." *Lamb v. Jordan*, 333 N.W.2d 852, 855 (Minn.1983) (quoting 4 D. McFarland & W. Keppel, Minnesota Civil Practice § 2402 (1979 and Supp.1982)). In applying this standard, the *Lamb* court stated that:

(1) all the evidence, including that favoring the verdict, must be taken into account,

(2) the evidence is to be viewed in the light most favorable to the verdict, and

(3) the court may not weigh the evidence or judge the credibility of the witnesses.

*Lamb*, 333 N.W.2d at 855.

The evidence contained in this record is not so overwhelming on one side that reasonable minds could not differ as to the proper outcome. Over appellant's objection, the trial court instructed the jury as follows on the emergency rule:

A person confronted with an emergency through no negligence of his own who, in an attempt to void the danger, does not choose the best or safest course is not

negligent because of such choice unless the choice was so hazardous that a reasonable person would not have made it under like circumstances.

This instruction "should always be given where it is consistent with the theory of one of the parties to the action and where the evidence submitted by such party would sustain a finding that he had been confronted with a sudden peril or emergency and acted under its stress." *Gran v. Dasovic,* 275 Minn. 415, 419, 147 N.W.2d 576, 579 (1966). Consideration of the evidence presented and the emergency rule supports the jury's finding.

■ The party seeking to invoke the emergency doctrine must show that his own negligence did not create or contribute to the emergency situation. *Daugherty v. May Brothers Company,* 265 Minn. 310, 318, 121 N.W.2d 594, 599–600 (1963) (quoting Annot., 80 A.L.R.2d 5, 15–17 (1961) (footnotes omitted)). Appellant contends respondent's conduct prior to the collision contributed to the accident. He argues the evidence establishes respondent's negligence because respondent chose to travel at a speed not less than between 30 and 35 m.p.h., because respondent had notice of the slushy, slippery road conditions, yet ignored the slush formations, and because notice of the road conditions made the possibility of slush splattering onto respondent's windshield foreseeable.

The evidence presented to the jury does not conclusively support appellant's contention that respondent was traveling at an excessive speed. Both parties admit traveling at a reduced speed and appellant acknowledges that respondent was proceeding between 30 and 35 m.p.h. Furthermore, respondent testified that his speed kept him within the flow of traffic. In addition, respondent stated he had no trouble controlling his car prior to the accident. From this, we conclude respondent's speed was not excessive.

Respondent's reduced speed also negates the argument that respondent ignored the formation of slush. Travel in either lane was difficult because slush had built up on both sides of respondent's lane. Awareness of the slush formations and possible splattering is shown by respondent's use of his windshield wipers. Finally, respondent's recognition of the road conditions is shown by the amount of time he allowed himself to reach the airport.

Appellant further alleges that slush splattering on respondent's windshield was foreseeable; therefore, respondent's control difficulties were not unanticipated or sudden. In making this contention, appellant intentionally chooses to ignore respondent's testimony of a merging car that caused him to veer into appellant's lane. Although respondent's attorney questioned him as to the merging car, appellant's attorney did not. Rather than clarify the issue at trial, appellant now refers to the merging car as a "mystery car" in his reply brief and contends the presence of this car was uncorroborated. The jury properly considered this factor in their decision.

The splattering slush was not the sole reason for the collision. The merging car forced respondent to veer to his left, which caused his wheel to come into contact with the slush. While respondent may have foreseen the possibility of slush splattering, he could not reasonably foresee veering into oncoming traffic because of a merging car. The splattering of slush and merging car caused respondent to lose control. This combination of factors causing respondent's loss of control was unanticipated and sudden.

■ Reasonable minds could differ in this case after taking all the evidence into account and viewing it in a light most favorable to appellant. The outcome of this case is not overwhelmingly one-sided. Therefore the trial court correctly denied appellant's motion for judgment notwithstanding the verdict.

2. Appellant also contends the trial court erred in failing to order a new trial. A new trial is not granted

unless the verdict is so contrary to the preponderance of the evidence as to imply that the jury failed to consider all the

**616**

evidence or acted under some mistake or from some improper motive, bias, feeling or caprice, instead of honestly and dispassionately exercising its judgment.

*LaValle v. Aqualand Pool Co., Inc.*, 257 N.W.2d 324, 328 (Minn.1977).

■ Unlike a motion for judgment notwithstanding the verdict which raises a purely legal question, the new trial motion presents a factual question where the reviewing judge may properly weigh the evidence. *Cf. Lamb*, 333 N.W.2d at 855.

■ The jury's findings, pursuant to special verdict questions, are not contrary to the preponderance of evidence. The jury reasonably concluded that respondent was not negligent by considering respondent's reduced speed, the inclement weather and road conditions, and the vehicle merging into respondent's lane. Rule 59.01(7) of the Minnesota Rules of Civil Procedure, which authorizes a new trial, should be exercised with caution. *Koenig v. Ludowese*, 308 Minn. 380, 384, 243 N.W.2d 29, 31 (1976). This court usually defers to the trial court's exercise of that authority because it has the feel of the trial. *Conover v. Northern States Power Co.*, 313 N.W.2d 397, 408 (Minn.1981). This case is not one of those exceptional instances requiring a new trial.

### DECISION

The trial court correctly denied appellant's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

Affirmed.