Steven **ELIASON**, Appellant,

v.

**TEXTRON, INC., et al.,** Respondents.

No. C3–86–1382.

Court of Appeals of Minnesota.

Feb. 17, 1987.

James W. Hunter, Jr., Minneapolis, for appellant.

Andrew T. Shern, Murnane, Conlin, White, Brandt Brandt & Hoffman, St. Paul, for respondents.

Considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This is an appeal from an order denying appellant Steven Eliason's motion for a new trial. Eliason contends the trial court erred in denying his motion for a new trial because the jury's verdict is not supported by the evidence. We disagree and affirm.

## FACTS

On the evening of April 28, 1983, respondent Paul Walliver's automobile struck and injured appellant Steven Eliason as he was crossing an intersection. Eliason and a friend, Greg Knutson, planned to have dinner at the Market Bar-B-Que in Minneapolis. The restaurant was full when the two arrived, so they decided to go next door for a few drinks. Eliason consumed three mixed drinks during the 45 minutes spent at the bar. Since the Market Bar-B-Que was still full, Eliason and Knutson walked to a game arcade a few blocks from the restaurant. After about 20 minutes at the arcade, the pair decided to dine at a nearby Zantigo restaurant. After dinner, Eliason and Knutson walked back towards the Market Bar-B-Que where Eliason had his car parked.

Upon reaching the intersection of Seventh Street and First Avenue, the traffic signal was green and Eliason and Knutson proceeded to cross. As Eliason was crossing, Walliver proceeded to make a left hand turn and struck Eliason. Walliver was employed by a subdivision of Textron, Inc., in Decorah, Iowa, and was driving a small company pick-up truck. Walliver was in the process of delivering some small metal parts to a company in Minneapolis. As a result of the collision, Eliason suffered a severely broken arm and experienced considerable bleeding and pain.

Eliason contends he and Knutson were halfway into the crosswalk when struck by Walliver's truck. Walliver stated he noticed people standing on the corner of the intersection, but did not see anyone in the crosswalk. Furthermore, Walliver stated he heard a thump in the rear of his truck as he proceeded to turn, but assumed the noise came from overturned cargo in the back of the truck. Walliver claims Eliason crossed the street after Walliver began his turn and struck the truck through his own actions.

Aside from the testimony of the parties, evidence with respect to fault is sparse. Both parties acknowledge the traffic signal was green; however, Eliason is unsure of whether the crosswalk signal was flashing "walk" or "don't walk." Investigating police officers were unable to elicit an expla-

nation from Eliason at the time of the accident. One of the officers testified that Eliason smelled strongly of alcohol. Whether Eliason's unresponsiveness resulted from shock of the accident or from intoxication remains unclear. The police officers' attempts to locate witnesses to the accident were unsuccessful. Although Knutson was with Eliason at the time of the accident, he did not stay and give the police a report of what happened.

The jury found Eliason 100% negligent and responsible for his injuries. Eliason moved for a new trial contending the verdict was not justified by the evidence, was contrary to law and was rendered under the influence of passion or prejudice. The trial court denied Eliason's motion and this appeal followed.

## ISSUE

Did the trial court err in denying Eliason's motion for a new trial?

## ANALYSIS

 An appellate court is subject to a stringent standard of review when examining a trial court's denial of a new trial motion. On review, this court merely considers whether the trial court exercised reasonable discretion in denying the motion for a new trial. *Koenig v. Ludowese*, 308 Minn. 380, 383, 243 N.W.2d 29, 30 (1976). Generally, a new trial is not granted upon conflicting evidence unless the verdict is so manifestly contrary to the preponderance of the evidence as to suggest "the jury failed to consider all the evidence or acted under some mistake or from some improper motive, bias, feeling or caprice, instead of dispassionately and honestly exercising their judgment upon all the evidence." *State v. Pearson*, 260 Minn. 477, 493, 110 N.W.2d 206, 217 (1961). Granting new trial motions pursuant to Minn.R.Civ.P. 59.01(7) should be done with reluctance and caution. *Koenig*, 308 Minn. at 384, 243 N.W.2d at 31.

The trial court's denial of Eliason's motion for a new trial is supported by the record. A jury's apportionment of neg-

ligence is not set aside unless there is no evidence reasonably tending to sustain the apportionment or unless the apportionment is "manifestly and palpably against the weight of the evidence." *Martin v. Bussert*, 292 Minn. 29, 38, 193 N.W.2d 134, 139 (1971). Here there is some evidence which reasonably tends to support the jury's apportionment of negligence. Walliver testified that he did not see anyone in the crosswalk as he made his turn. Investigating officers stated Eliason smelled of alcohol at the time of the accident. In addition, the jury heard testimony indicating Eliason consumed a number of alcoholic beverages in a short time span. The strict standard of review imposed upon this court and the supporting record requires us to affirm the trial court's order denying Eliason's motion for a new trial.

## DECISION

The trial court correctly denied Eliason's motion for new trial.

Affirmed.