## THOMAS D. CONNAKER, FATHER AND NATURAL GUARDIAN OF MAUREEN CONNAKER, A MINOR, AND ANOTHER v. CLINTON HART.

146 N. W. (2d) 607.

November 18, 1966—No. 39,988.

*Bertie & Bettenburg* and *James R. Bettenburg,* for appellants.
*Iverson, Coulter & Nelson* and *Charles R. Coulter,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying plaintiffs' motion for judgment notwithstanding the verdict or a new trial.

Plaintiff driver, who was stopped at an intersection on University Avenue about eight blocks west of the St. Paul city limits, was "rear-ended" by defendant, who had tried to stop his car but could not. The

trial court determined that plaintiff was free from contributory negligence as a matter of law and submitted to the jury for its consideration the issues of defendant's negligence, proximate cause, and damages. The jury found defendant not negligent and the principal question raised by the appeal is whether this finding has reasonable support in the evidence.

Just before the collision defendant had been following plaintiff as both cars drove in a westerly direction on University Avenue toward the accident site. At the St. Paul city limits the surface of University Avenue changes from blacktop to cobblestone and commences a gradual downgrade. Although the accident occurred on January 28, 1963, the temperature was above freezing. The street was wet and slushy. Approaching the intersection where the accident occurred both vehicles were driving about 20 to 25 miles per hour.

Plaintiff stopped her car at the intersection to permit the automobile in front of her to make a left turn. Her impression, based upon observations made through her rearview mirror, was that defendant was about six to eight car lengths behind her when she first applied her brakes. She testified that she was able to bring her car to a stop without difficulty while it traveled about 3 car lengths. Defendant testified he was two car lengths rearward when plaintiff commenced her stop.

Defendant, seeing the flash of the brake lights on plaintiff's car, applied his brakes but was unable to avoid collision. He attributed his inability to avoid impact to the slipperiness of the street resulting from the presence of slush on a cobblestone surface laid on a downgrade. There is also a suggestion in the record that the slipperiness of the street was compounded by the presence of streetcar tracks embedded in its surface; but upon the record, as we read it, the relationship between the presence of such tracks and the course traveled by defendant's car is so tenuous as to make this aspect of the situation irrelevant for purposes of evidentiary analysis.

Having traveled on the slush-covered cobblestone surface for at least six blocks, defendant must be charged with the knowledge which reasonable alertness to the conditions would import. So far as the record shows, however, he had not been compelled to bring his car to a stop as quickly as possible on any occasion prior to that which gave rise to the accident.

He must have known that the street was slippery. He did not necessarily know that the slush-covered surface was as slippery as it turned out to be.

■ The occurrence of a rear-end collision suggests negligence on the part of the following driver. Wimperis v. Satzinger, 273 Minn. 121, 140 N. W. (2d) 323; Gave v. Pyrofax Gas Corp. 274 Minn. 210, 143 N. W. (2d) 242. But we are committed to the principle that it is for the jury to decide whether an error of judgment on the part of the operator of a moving vehicle causing him to rear-end a forward car constitutes negligence. Wimperis v. Satzinger, *supra;* Gave v. Pyrofax Gas Corp. *supra;* Kuether v. Locke, 261 Minn. 41, 110 N. W. (2d) 539; Whelan v. Gould, 259 Minn. 203, 106 N. W. (2d) 895; Hardy v. Anderson, 241 Minn. 478, 63 N. W. (2d) 814.

Plaintiffs urge that the circumstances of the present case make it substantially the same as Ceeder v. Kowach, 17 Ill. App. (2d) 202, 149 N. E. (2d) 766, and Kocour v. Mills, 23 Ill. App. (2d) 305, 162 N. E. (2d) 497, where following drivers were held negligent as a matter of law. The cases are quite similar, but nevertheless distinguishable. In Ceeder v. Kowach, *supra,* defendant was following more closely (10 to 15 feet) and the pavement was merely wet, not slushy. In Kocour v. Mills, *supra,* the pavement was dry. In addition, it is open to question whether these Illinois cases should be determinative authority in this state because their rationale that the skidding of defendant's car into plaintiff's "leaves room for no other inference * * * except that under the circumstances defendant 'was driving too fast or following * * * too closely' "[1] conflicts with our decided cases to the effect that the mere fact of a rear-end collision does not establish negligence. We have held specifically that the jury may consider the slipperiness of the pavement in determining whether a person was negligent in striking the preceding car. See, Wimperis v. Satzinger, 273 Minn. 121, 140 N. W. (2d) 323; Hardy v. Anderson, 241 Minn. 478, 63 N. W. (2d) 814.

Souden v. Johnson, 267 Minn. 151, 125 N. W. (2d) 742, is relied upon by plaintiffs. That case is different because there the striking vehicle

---

[1] Ceeder v. Kowach, 17 Ill. App. (2d) 202, 204, 149 N. E. (2d) 766, 767; Kocour v. Mills, 23 Ill. App. (2d) 305, 309, 162 N. E. (2d) 497, 499.

▬▬▬▬▬▬

was permitted to move forward after it had come to a stop, and no attempt was made to justify the collision "on the basis of the condition of the highway." 267 Minn. 153, 125 N. W. (2d) 743.

While we have difficulty in understanding how the jury could have found an absence of negligence on the part of the defendant under the circumstances of this case, we are agreed that in light of our prior decisions in this area the issue of defendant's negligence was properly submitted to the jury and that its determination must be accepted.

■ While personal references directed by one attorney against another (or remarks that might be so construed) are, at the very least, irrelevant, we do not find reversible error on that basis in this case.

Affirmed.