FRED GRAN AND ANOTHER v. DENNIS DASOVIC, A MINOR, BY HIS FATHER AND NATURAL GUARDIAN, MATTHEW G. DASOVIC, AND ANOTHER.

147 N. W. (2d) 576.

December 30, 1966—No. 39,211.

*Michael G. Simon,* for appellants.

*Murnane, Murnane, Battis & deLambert* and *E. W. Murnane,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action for damages arising out of an automobile collision. After a verdict for defendants, the court denied plaintiffs' motion for judgment notwithstanding the verdict or a new trial. On appeal from this order plaintiffs contend (1) the evidence was sufficient to establish defendants' negligence as a matter of law; and (2) it was error for the court to instruct the jury on the *sudden emergency* doctrine.

The accident occurred about midnight November 11, 1960, near the village of Outing in Cass County at a point where State Highway No. 6, which is a blacktopped, two-lane highway, extending northerly and southerly, intersects Swatara Road, which extends easterly and westerly. Defendant Dennis Dasovic had been operating a 1960 Chevrolet sedan belonging to his father, Matthew Dasovic, traveling northerly on Highway No. 6 with Matthew and three others as passengers.

Just prior to the accident, plaintiff Fred Gran, owner and operator of a 1958 Ford sedan in which his wife, plaintiff Ida Gran, was an occupant, had stopped on Swatara Road facing westerly preparatory to entering

Highway No. 6, which curves to the left at this point. The evidence established that on Highway No. 6 some 800 feet south of Swatara Road there is a state highway sign which requires a reduced speed of 30 miles per hour. Dennis testified that south of this point the pavement had been dry and that he had been driving at the authorized speed of 50 miles per hour; that just after he passed the sign the car he was driving suddenly came upon ice covering Highway No. 6; that he then pumped his brakes, shifted into second gear, and endeavored to turn his car to the left to follow a curve in the highway; that because of the highway's icy condition the car did not respond but continued straight ahead onto the right side of the highway, sliding straight for some 300 feet where it collided with plaintiffs' car; that as the car slid forward its tires could not get traction so that he could not reduce his speed until he was approximately 40 feet from plaintiffs' car, at which point he reduced his speed to about 10 miles per hour just before the impact. He testified further that after the collision a number of other cars coming from the south had skidded or completely turned around at the intersection or curve and that a state highway patrolman, who arrived shortly after the accident, had first contemplated giving him a traffic violations ticket, but after observing the other cars sliding on the highway he changed his mind and did not issue the ticket.

James Olds, who lived close to this intersection, arrived shortly after the accident. He testified that Highway No. 6 was extremely icy; that it sloped downhill from just south of the point of collision; that it curves gradually to the left where defendants' automobile went onto the shoulder; that the highway is not banked on this curve and is at least 2 or 3 inches higher in the center than on the edges; that he observed the state highway patrol car coming from the south and going beyond the intersection since it could not stop there because of the icy condition; that this required its turning around and coming back to the scene of the accident; that he observed the patrol officer scatter sand on the curve and also beyond it; and that he also observed that another car coming from the south slipped off the highway onto the west shoulder just as defendants' car had done.

The highway patrolman testified that in his opinion the condition at

this intersection was extremely dangerous and in fact one of the worst he had ever encountered and that because of this dangerous icy condition he had scattered sand on the highway. Other witnesses testified that five or six other cars passing Swatara Road had "fishtailed" and swerved back and forth on the highway as they passed the intersection.

Over objections of plaintiffs, the court charged the jury:

"* * * It is the law of this state that a person suddenly confronted by a peril through no fault of his own, who, in the attempt to escape, does not choose the best or safest way, shall not be held to be negligent because of such choice unless it is so hazardous that an ordinarily prudent person would not have made it under the same circumstances. It is also the law of this state that the mere skidding of a motor vehicle does not of itself prove negligence of the driver. All the circumstances must be taken into consideration."

At the close of the trial, in response to a special interrogatory, the jury found that defendant Dennis Dasovic was not negligent in the operation of his father's car when it collided with the one operated by Fred Gran.

In a memorandum attached to the order denying plaintiffs' motion for a new trial, the trial court stated:

"The position taken by plaintiffs' counsel * * * with respect to both liability and damages becomes completely untenable in view of the fact that while there was some evidence * * * that might have justified the jury in drawing inferences with the result clearly desired by the plaintiffs, there was also considerable evidence that would justify a jury in drawing inferences which are completely contrary to those insisted upon by the plaintiff. * * * the jury found upon a consideration of all the evidence that there was no negligence, [and] that must end the matter.

"* * * [T]he contention that the emergency rule should not have been given in this case does not present a tenable objection. The jury could find * * * that the peril which the defendant driver sought to escape was not of his making and therefore the giving of the emergency rule was proper. * * * if the jury did not find facts which would compel the application of the emergency doctrine, they could ignore it."

1.  Examination of the evidence submitted in the light most favorable

to the defendants convinces us that the court was correct in submitting the question of defendant Dennis Dasovic's negligence to the jury. It is clear from such evidence the jury might well reach the conclusion that after the car suddenly came upon the icy pavement Dennis did everything possible to avoid the collision, but through no fault of his own he was unable to do so. We have frequently held that where an icy condition of a highway causes a car to skid or slide, while it is incumbent upon the driver to exercise care commensurate with the situation, it remains for the jury to determine whether he has done so or whether his conduct was negligent. Barnhardt v. Hendrickson, 178 Minn. 400, 227 N. W. 356; Wiester v. Kaufer, 188 Minn. 341, 247 N. W. 237; Oldendorf v. Eide, 260 Minn. 458, 110 N. W. (2d) 310. As stated in the Oldendorf case (260 Minn. 464, 110 N. W. [2d] 314):

"* * * It must be conceded that there was evidence upon which a jury might find that defendant's truck was out of control and skidded into plaintiffs' car because of uncontrollable factors rather than because of defendant's negligence."

Under this well-established rule the court correctly submitted to the jury the issue of negligence as to the defendant driver.

■ We are also of the opinion that the court did not err in instructing the jury with reference to the emergency doctrine. An instruction on this theory should always be given where it is consistent with the theory of one of the parties to the action and where the evidence submitted by such party would sustain a finding that he had been confronted with a sudden peril or emergency and acted under its stress. Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. (2d) 492; Minder v. Peterson, 254 Minn. 82, 93 N. W. (2d) 699.

Certainly the evidence here would justify a finding that a sudden emergency had presented itself to Dennis as he proceeded onto the ice on Highway No. 6 without warning. There was testimony that prior to this the pavement had been dry and that he had been able to operate his car without difficulty; that where the ice was first encountered the highway sloped down and curved to the left; that Dennis did not become aware of the ice until he was only 30 feet from it; and that after his car came

upon it he did everything possible to control it but was unable to do so. All such evidence would justify a finding that he had been confronted with a sudden emergency and accordingly would require an instruction on the doctrine and a determination whether he was negligent in the light of the emergency. See, Johnson v. Townsend, 195 Minn. 107, 261 N. W. 859; Oldendorf v. Eide, *supra*.

The order appealed from is affirmed.

Affirmed.