MARGARET FLETCHER AND ANOTHER v. LLOYD SCHROEDER.

188 N. W. (2d) 783.

July 2, 1971—No. 42606.

Schermer, Gensler, Schwappach, Borkon & Ramstead, Roy A. Schwappach, and Irvin S. Schermer, for appellants.

Fitzgerald, Fitzgerald & Stich and Robert T. Stich, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Plaintiffs seek damages for injuries which they claim Mrs. Fletcher sustained when her car was struck from the rear by one driven by defendant, Lloyd Schroeder. The jury returned a verdict for defendant, and plaintiffs appeal.

1. Plaintiffs assert it was reversible error for the trial court to receive evidence which had not been disclosed at pretrial as required in the order for pretrial conference prescribed by Rule 28L, Special Rules of Practice, Fourth Judicial District. That order provides:

"* * * Witnesses not named or exhibits not identified in the statements of the case or during the pre-trial or settlement conference shall not be presented at the trial except to prevent manifest injustice, unless the need for or identity of such witness or exhibit is ascertained subsequent to the pre-trial or settlement conference. In the latter event, opposing counsel and the Court shall be *notified immediately*. The Court may, in appropriate cases, make final determinations relating to a case at a pre-trial conference."

The evidence complained of consisted of pictures which defendant had taken of his car following the accident, showing little or no damage, and testimony by defendant's mother concerning a conversation with plaintiff. In that conversation, Mrs. Fletcher had conceded that there was no damage to her automobile.

Defendant justifies the admission of the evidence on the ground that it was introduced to impeach and to rebut plaintiff's testimony at the trial, which was contrary to that given in her deposition. In that deposition, plaintiff had stated that there was no real physical damage to her automobile.

Ordinarily, it would be error to receive evidence not disclosed at the pretrial conference. Here, however, it was in the nature of rebuttal, and plaintiffs did not question its accuracy or ask for an opportunity to introduce contrary proof. Under these circumstances, it was proper to receive the evidence on behalf of defendant.

2. Plaintiffs assert they were entitled to damages as a matter of law.

We have dealt with the rules governing liability in rear-end collisions in a number of recent cases. It is not necessary to repeat what we there said. Wimperis v. Satzinger, 273 Minn. 121, 140 N. W. (2d) 323; Connaker v. Hart, 275 Minn. 289, 146 N. W. (2d) 607; Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. (2d) 687.

Affirmed.