MARC LANGSETH, A MINOR, BY GORDON LANGSETH, HIS FATHER AND NATURAL GUARDIAN, AND ANOTHER v. PAUL BAGAN AND ANOTHER.

213 N. W. 2d 334.

November 30, 1973—No. 43973.

*Garrity, Cahill, Gunhus, Streed & Grinnell, Gunder Gunhus, Edward F. Klinger, Ohnstad, Twichell, Breitling & Arntson,* and *Jon M. Arntson,* for appellants.

*Wattam, Vogel, Vogel & Peterson, H. Patrick Weir, Dosland, Dosland & Nordhougen,* and *J. P. Dosland,* for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Gillespie, JJ.

PER CURIAM.

In this action plaintiff Marc Langseth seeks to recover damages for personal injuries sustained when the car he was driving was struck from behind by one driven by defendant Arvilla Bagan, and plaintiff Gordon Langseth, Marc's father, seeks to recover consequential damages. The rear-end collision occurred as Marc was stopped at an intersection awaiting traffic. It had been snowing during the day and the roads were icy. Defendant approached Marc's stopped car at about 5 to 10 miles per hour. When defendant's car began to slide as she applied her brakes about three or four car lengths behind Marc's car, she tried to avoid a collision by turning to the left. Impact occurred between about a foot of the right front of her car and the left rear of Marc's car. Damage to the vehicles was minimal. The jury found that defendant driver was not negligent and the action was dismissed. Plaintiffs appeal from an order denying a new trial or other relief. The principal issue is whether defendant driver was negligent as a matter of law.

We have in a number of recent cases entertained the question whether a rear-end collision should invariably result in negligence by the striking driver as a matter of law. We need only reiterate that, while a rear-end collision may suggest negligence, it does not dictate it. When the attendant facts and circumstances indicate that there may be reasonable excuse or justification to explain the collision, the question is for the jury. E.g., Fletcher v. Schroeder, 290 Minn. 556, 188 N. W. 2d 783 (1971); Bymark v. Englert, 283 Minn. 497, 168 N. W. 2d 688 (1969); Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. 2d 687 (1967); Connaker v. Hart, 275 Minn. 289, 146 N. W. 2d 607 (1966).

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.