SPENCER HUGHES v. PAUL V. KELLER.

224 N. W. 2d 738.

November 1, 1974—No. 44463.

*Wiese & Cox* and *Paul G. Neimann,* for appellant.

*Farrish, Zimmerman & Johnson, John C. Hottinger,* and *Miles B. Zimmerman,* for respondent.

Heard before Otis, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

Plaintiff seeks to recover damages for injuries he sustained when struck by an automobile driven by defendant. The jury found plaintiff 65-percent negligent and defendant 35-percent negligent. The appeal is from an order denying plaintiff a new trial. We affirm.

The accident occurred at 12:30 p.m. on February 27, 1971, at the intersection of U. S. Highway No. 169 and Highway No. 19, north of LeSueur. Although the testimony was in conflict and plaintiff's own versions were inconsistent, it appears that the highways were icy and snow was blowing in the area of the collision. The jury could find that plaintiff entered the intersection from the east, stopped his car so as to straddle the middle of the two northbound lanes on Highway No. 169, emerged from his vehicle, and was heading for, or standing toward, the rear of his car, when defendant, approaching from the south, struck and injured him. There was conflicting testimony placing defendant's car anywhere from 50 feet to a block away from plaintiff's car when plaintiff stopped. There was no explanation either for plaintiff's stopping his car in the middle of the intersection or leaving the car in the face of oncoming traffic.

Three issues are raised by plaintiff. First, whether the court's

charge on superseding cause was adequate; second, whether it was error to submit the question of assumption of risk; and, third, whether it was error to charge on the emergency rule.

1. At the conclusion of the trial, plaintiff requested the court to give the charge on "discovered peril" contained in Minnesota Jury Instruction Guides 2d, Instruction 143 G, which is in the following language:

"If you find defendant negligent and also find that plaintiff by his own negligence placed himself in a position of danger, you may nevertheless find for plaintiff if you find that:

"1. Defendant had actual knowledge of plaintiff's dangerous position; and

"2. After discovering plaintiff's dangerous position defendant by the use of reasonable care could have avoided the (accident) (collision)."

With respect to the issue of superseding cause, plaintiff requested among others the following instructions:

"Where a driver of an automobile observes a vehicle standing on the highway in time to avoid a collision and might have avoided it by the exercise of reasonable care either by stopping his own car or by turning to avoid the standing one, but did not, the negligence, if any, in permitting the car to be standing on the highway is not the proximate cause of the collision, in that the driver's conduct is a superseding, intervening cause thereof."

The court gave the following charge on superseding cause:

"However, there may be more than one direct cause of an accident. When the effects of negligent conduct of each of two persons or more work substantially at the same time to cause the accident without either cause being a superseding cause, each may be a direct cause of the accident. However, a cause is not a direct cause when there is a superseding cause.

"For a cause to be a superseding cause, all of the following four elements must be present: One, its harmful effects must

have occurred after the original negligence; two, it must not have been brought about by the original negligence; three, it must actively work to bring about a result which would not otherwise have followed from the original negligence; and, four, it must not have been reasonably foreseeable by the original wrongdoer."

As far as the record discloses, neither counsel advised the court that counsel wished to be present if additional instructions were requested by the jury. Some 3 hours after retiring, the jury asked the following questions and the court gave the following answers:

"The Foreman: Yes, your Honor. There was one law, State law you read us on—was it responsibility superseding or was it negligence superseding?

"The Court: Well, I read you several laws. Are you referring to questions of negligence? Are you referring to the traffic code?

"Juror Reinhart: I think it was traffic code, your Honor. It was something to the effect that the responsibility is superseded to the passenger in the other car or driver in the other car.

"Juror Logan: The responsibility shifts to the other person.

"Juror Reinhart: I think it was in the traffic part.

"The Court: About intervention?

"Juror Street: Yes.

\* \* \* \* \*

"Juror Olson: When does this responsibility, say, of a car that's stopped in this—what does the law say about the responsibility of a car that's standing stopped in the intersection, when does that responsibility shift to an oncoming car?

"The Court: It never shifts.

"Juror Olson: It never shifts?

"The Court: Your responsibilities never shift.

"Juror Olson: What about negligence?

"The Court: Negligence never shifts. Maybe you're referring to—you may be talking about direct cause. Is that what you're referring to?

"Juror Olson:   Maybe. I don't know. When does direct cause shift? [The court thereupon repeated the charge he had given on superseding cause.]

\* \* \* \* \*

"Juror Logan:   Your Honor, is there no law which says that after a car has been stopped and there is an oncoming car, would the responsibility for an accident shift from the person that is stationary to the oncoming car?

"The Court:   There's no law that says that.

"Juror Logan:   That's our trouble. I'm sure we heard that.

"The Court:   There's no law that says anything about shifting.

"Juror Olson:   What's this about superseding?

"The Court:   I just read that to you.

"Juror Logan:   Doesn't superseding, doesn't that mean it does take precedence? [The court read the superseding cause charge a third time.]

\* \* \* \* \*

"Juror Olson:   Your Honor, when something is sitting, say, blocking the lane of traffic with a flat tire and would—is an oncoming car, what responsibility does an oncoming car have to that?

"The Court:   I can't tell you that. I can't advise you about hypothetical situations. All I can give you are the instructions that apply to this particular case and you have to take those instructions and the evidence and made your decision."

It is clear that the court and counsel were treating interchangeably the doctrines of discovered peril (or last clear chance) and superseding or intervening cause. Plaintiff here argues:

"\* \* \* While the court may have been technically correct in stating that negligence never shifts, it nevertheless misled the jury and, in effect, withdrew the issue of intervening, superseding cause from its deliberations. Further, the result of the court's

refusal to comment on the jurors' analogy of a car blocking the highway thwarted their consideration of the doctrine of superseding, intervening cause."

It is plaintiff's contention on appeal that the court had a duty to make clear to the jury plaintiff's theory that although he may have been negligent in stopping his car in the middle of a freeway and attempting to escape on foot, that negligence was insulated by defendant's subsequent failure to avoid the accident after discovering plaintiff's peril at a time when defendant had ample opportunity to prevent the collision.[1]

Although the court three times repeated the rules governing superseding cause, counsel was not present when the additional instructions were given and was not in a position to ask the court for a clarification of the rule. Where arrangements have not been made to insure the presence of counsel, the parties cannot complain if additional instructions are not models of clarity.

In any event, we are of the opinion that the verdict assessing 65 percent of the negligence against plaintiff and 35 percent against defendant is amply supported by the evidence. The same may be said of the jury's finding that plaintiff assumed the risk of injury by leaving his automobile in the face of imminent peril. Had the jury found otherwise, we would have difficulty sustaining the verdict under the circumstances of this case. As we have indicated, there was no explanation for plaintiff's stopping in the middle of a heavily traveled, divided highway under hazardous weather and driving conditions, to seek refuge from oncoming traffic by leaving his car. There was sufficient evidence to support the testimony of defendant that after discovering plaintiff's peril he was unable to take evasive action. Accordingly, we hold that whatever deficiencies there may have

---

[1] Minnesota Jury Instruction Guides 2d, Instructions 142 G-S, 143 G, and 143 S; Medved v. Doolittle, 220 Minn. 352, 357, 19 N. W. 2d 788, 791 (1945); Seward v. Minneapolis St. Ry. 222 Minn. 454, 25 N. W. 2d 221 (1946); Kroeger v. Lee, 270 Minn. 75, 132 N. W. 2d 727 (1965).

been in the court's supplemental instructions, in the light of the unusual circumstances of this case the verdicts were proper. Peterson v. Minneapolis Star & Tribune Co. 282 Minn. 264, 275, 164 N. W. 2d 621, 629 (1969).

2. Whether a charge on assumption of risk was justified was rendered moot by the jury's finding that plaintiff was guilty of 65 percent of the negligence.

3. As to the instruction on the emergency rule, this was a classic situation where a driver on an arterial highway is suddenly confronted with circumstances which he could not be expected to anticipate. Gran v. Dasovic, 275 Minn. 415, 419, 147 N. W. 2d 576, 579 (1966). The jury had before it the conflicting testimony concerning the time and distance which separated the vehicles as defendant approached. It could quite properly find that an emergency not of his own making confronted defendant which excused his inability to prevent a collision. Accordingly, the order of the trial court is affirmed.

Affirmed.