**John V. FONTILLA, et al., Appellants,**

v.

**Hilda Marie BOYES, Respondent.**

No. 46715.

Supreme Court of Minnesota.

April 29, 1977.

Rehearing Denied Aug. 15, 1977.

Babcock, Locher, Neilson & Mannella, and Robert F. Mannella, Anoka, for appellants.

Fitzgerald & Crandall, and Michael J. Fitzgerald, Minneapolis, for respondent.

PER CURIAM.

This case arises out of a rear-end collision between two automobiles. Plaintiff John V. Fontilla sought to recover damages for personal injuries and property damage and his wife, plaintiff Gladys G. Fontilla, sought to recover consequential damages. The jury found neither plaintiff John Fontilla nor defendant, Hilda Marie Boyes, negligent. Plaintiffs contend on appeal that defendant was negligent as a matter of law. We do not agree but have concluded that a new trial on all issues is required.

Plaintiff and defendant were both driving southeast on Highway No. 169 in Brooklyn Park about noon December 23, 1969. Plaintiff's automobile was struck from the rear by defendant's automobile. Plaintiff testified he was stopped at the time of the accident with his left turn signal on. Defendant and her sister, a front seat passenger, testified they did not see any turn signal but an independent witness who came onto the scene after the accident testified the signal was on. Plaintiff testified that as he slowed to a stop he saw defendant's car come from behind him 3 or 4 tenths of a mile away. He said he stopped at the intersection and waited for three cars to pass before he made his left turn. As the third of these vehicles came next to plaintiff's car, he looked back and saw defendant's car coming directly at him. Defendant testified she saw no oncoming traffic and that she first saw plaintiff's car about 300 feet ahead of her when she came around a curve. Defendant testified that plaintiff seemed not to be moving but she "assumed" that he was moving. She testified that the road was icy and slippery. She began to reduce her speed and, when she realized plaintiff was not moving at all, she applied her brakes and pumped them but "slid into him." Plaintiff testified that the road was not icy where the collision occurred.

There was also testimony, denied by defendant, that defendant had said after the accident that she was having trouble keeping her windshield clean because of the film from the road, and that she had offered plaintiff $50 "to forget the whole thing."

We have stated in many cases that a rear-end collision may suggest negligence but does not dictate it. *Wimperis v. Satzinger,* 273 Minn. 121, 140 N.W.2d 323 (1966); *Connaker v. Hart,* 275 Minn. 289, 146 N.W.2d 607 (1966); *Langseth v. Bagan,* 298 Minn. 519, 213 N.W.2d 334 (1973). However, our review of the entire record in this case convinces us that, in the interests of justice, a new trial on all issues is required.

Reversed and new trial granted on all issues.