**Wayne KALPIN, et al., Respondents,**

v.

**Lowell HELGESON, Appellant.**

**No. 46684.**

Supreme Court of Minnesota.

May 13, 1977.

Quinlivan & Williams and Richard R. Quinlivan, St. Cloud, for appellant.

Pearson & Lanoue and R. P. Pearson, St. Cloud, for respondents.

Heard before SHERAN, C. J., and RO-GOSHESKE and MacLAUGHLIN, JJ., and considered and decided by the court en banc.

PER CURIAM.

This action was instituted by plaintiffs, husband and wife, to recover damages for permanent back injuries sustained by the husband when defendant's automobile struck the husband's automobile from behind while he was temporarily stopped preparatory to making a left turn into his place of business and damages to his wife for loss of companionship and consortium and for services provided to her injured husband as a result of the accident. The jury found defendant 100-percent negligent and awarded the husband $30,000 and the wife $20,000 in damages. In response to defendant's post-trial motion for a new trial upon claims of excessive damages and misconduct of plaintiffs' counsel during closing argument, the court granted a new trial limited only to the issue of damages to the wife, unless the wife would agree to accept a $10,000 reduction in her award. The reduction was accepted, and defendant appeals, reasserting the grounds urged at the post-trial hearing. We affirm.

Since the evidence supporting defendant's liability was overwhelming, the main issue litigated was the amount of damages which resulted from the husband's claimed aggravation to a pre-existing back condition. Evidence relating to the nature, extent, and duration of the pain, suffering, and disability was in dispute.

It is fundamental that the question of whether a new trial should be granted either upon the grounds of excessive damages or prejudicial misconduct of counsel is committed almost entirely to the sound discretion of the trial judge, whose duty is to protect against such misconduct and to keep the jury's award within the bounds of reason, using the facts of each case to measure the amount of damages awarded. *Adrian v. Edstrom,* 304 Minn. 52, 229 N.W.2d 161 (1975); *Cameron v. Evans,* 241 Minn. 200, 62 N.W.2d 793 (1954); *Bisbee v. Ruppert,* 306 Minn. 39, 235 N.W.2d 364 (1975). In obedience to these responsibilities, the trial court found that, contrary to defendant's claims, plaintiffs' counsel did not commit prejudicial misconduct by delib-

erately attempting to inform the jury of the existence of insurance, condemned as prejudicial in *Purdes v. Merrill,* 268 Minn. 129, 128 N.W.2d 164 (1964). Further, the court comprehensively reviewed the evidence and found that the award to the husband was adequately supported by the evidence and not unreasonable. Finding inadequate evidentiary support for the wife's award, the judge ordered a new trial on that issue, unless the wife accepted a reduction in her award. We are therefore persuaded that the trial court's disposition should not be disturbed.

Affirmed.