David BRAGER, Respondent,

v.

COCA–COLA BOTTLING CO. OF FARGO, INC. and Richard Raymond Fee, Appellants.

No. C7–85–435.

Court of Appeals of Minnesota.

Oct. 29, 1985.

Randolph E. Stefanson, Stefanson, Landberg & Alm, Moorhead, for respondent.

Steven J. Cahill, Cahill, Jeffries & Maring, P.A., Moorhead, for appellants.

Heard, considered and decided by SEDGWICK, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a judgment entered for respondent David Brager notwithstanding a jury verdict against him on his claim of negligence against appellant Coca-Cola and its employee-driver, Richard Fee. The court directed entry of judgment for the damages found by the jury, and ordered a new trial in the event of a reversal of the judgment notwithstanding the verdict. We reverse both the judgment and the conditional order for a new trial.

## FACTS

The automobile accident involved in this action occurred at approximately 4 p.m. on Friday, February 24, 1978, on U.S. Highway 10 between Moorhead and Dilworth, Minnesota. It is undisputed that the road was quite icy at the accident scene. Conditions elsewhere on the highway, particular-

ly those encountered earlier by the Coca-Cola driver, are disputed.

Respondent David Brager is a Clay County deputy sheriff who, at the time of the accident, was assisting an eastbound vehicle which had skidded off the roadway and into the ditch. A tow truck had been called and, although the testimony of the vehicle's occupants differed, it appears that the car had been towed out of the ditch, and was sitting on the shoulder of the highway, facing west, its occupants waiting for traffic to let up so they could make a U-turn and continue eastbound. The Brager squad car was also on the shoulder—facing eastward, however—with its emergency flashers on.

Appellant Richard Fee was driving a Coca-Cola delivery truck eastbound from Moorhead to Dilworth. He was in the left-hand eastbound lane of the four-lane divided highway, driving at a reduced speed which he estimated at "no more than 30 [mph]." The posted speed limit was 50 m.p.h. He testified that there was compacted or blowing snow on the roadway, and that it was very windy, but that he had no idea the road was as icy as it turned out to be. The testimony of other witnesses varied from an opinion that the entire road was glare ice to a recollection that the roadway looked wet but not slippery. The highway patrolman testified that the highway was slippery at all points east of the accident scene, but worse at that location.

At this point, Fee saw the vehicle in front of him lose control, or "fishtail." When Fee braked, the truck went into a skid, across the right-hand lane and onto the shoulder, where it struck Brager's squad car from the rear. Fee did not see the squad car until just before the impact. He did not remember seeing any emergency flashing lights. He could not remember how far he was traveling behind the vehicle in front of him which "fishtailed," nor how far he was from the squad car when he braked. The car behind Fee also went into a skid and struck his truck in the rear.

The jury found that Brager suffered permanent injury and damages worth $23,289.

It found that Fee was not negligent. The trial court granted Brager's motion for judgment notwithstanding the verdict and also issued a conditional order for a new trial in the event of a reversal of the judgment.

## ISSUES

1. Did the trial court err in ordering judgment notwithstanding the verdict?

2. Did the court abuse its discretion in conditionally granting a new trial?

## ANALYSIS

### I.

The standard for deciding a motion for judgment notwithstanding the verdict has been stated as follows:

> Judgment notwithstanding the verdict "may be granted only when the evidence is so overwhelming on one side that reasonable minds cannot differ as to the proper outcome." [citations omitted] In applying this standard, (1) all the evidence, including that favoring the verdict, must be taken into account, (2) the evidence is to be viewed in the light most favorable to the verdict, and (3) the court may not weigh the evidence or judge the credibility of the witnesses.

*Lamb v. Jordan*, 333 N.W.2d 852, 855 (Minn.1983).

The trial court, in granting the motion for judgment notwithstanding the verdict, made the following observations on the evidence:

> Even assuming Fee was driving the truck at a safe speed under the circumstances, he must have been following the van too closely and/or he failed to maintain a proper lookout. Indeed, the evidence indicates that he was following the van too closely since he was not able to maintain control of his truck and stop within the distance between his truck and the van. Furthermore, Fee testified that he never saw the squad car before the accident. Since visibility was good the squad car should have been visible

for a long distance. There are only two explanations for Fee's failure to see Plaintiff's vehicle, both of which demonstrate negligence on Fee's part. If the van had obscured Fee's vision, he was following too close, otherwise he failed to keep a proper lookout.

The supreme court has noted the following regarding rear-end collisions:

> The nature of a rear-end collision is such that it alone often suggests negligence of the driver of the striking vehicle. Thus it is not unusual that in most of such cases the operator of the striking vehicle is found negligent as a matter of law. However, it is fundamental that the facts and circumstances of each case rather than the nature of the accident dictate the result.

*Wimperis v. Satzinger*, 273 Minn. 121, 124, 140 N.W.2d 323, 325 (1966) (footnoted citations omitted). Although a rear-end collision did not result in this case, the negligence alleged is the same. The cases cited by *Wimperis* to support a finding of negligence as a matter of law are limited to rear-end collisions not attributable to road or weather conditions, mechanical defect or sudden distraction. *See e.g. Prink v. Tonak*, 273 Minn. 46, 52–3, 140 N.W.2d 70, 74 (1966) (evidence did not justify theory of emergency from defective brakes). Where the roadway has been icy or wet and slippery, the question of negligence has been held to be for the jury. *Langseth v. Bagan*, 298 Minn. 519, 213 N.W.2d 334 (1973); *Tibbetts v. Nyberg*, 276 Minn. 431, 150 N.W.2d 687 (1967); *Gran v. Dasovic*, 275 Minn. 415, 147 N.W.2d 576 (1966); *Connaker v. Hart*, 275 Minn. 289, 146 N.W.2d 607 (1966) (all cases in which a jury finding of no negligence by a following vehicle was affirmed).

The trial court concluded that Fee was following too close since an accident resulted. However, a following distance entirely prudent a quarter-mile earlier could have become dangerous due to a change in road conditions. The issue is whether Fee was put on notice of those conditions. *See Gran v. Dasovic*, 275 Minn. at 419–20, 147 N.W.2d at 579–80 (isolated patch of ice encountered after dry pavement presented sudden emergency).

Fee testified that the road conditions before the accident did not alert him to the degree of slipperiness he encountered. Another driver, who preceded him into the ditch, testified that she was not alerted to the slippery conditions until she applied the brakes. The state trooper who investigated the accident stated that the worst conditions were at the accident scene.

■ It may not be negligent to fail to anticipate localized road conditions. *Gran v. Dasovic*. While there was contrary evidence on the crucial issue of whether Fee's speed and following distance were reasonable under the circumstances, it was not overwhelming. *Lamb v. Jordan*, 333 N.W.2d at 855.

■ The trial court's second conclusion, that Fee did not maintain a proper lookout for the squad car, also fails to support the granting of judgment notwithstanding the verdict. The evidence did not show a causal relation between failure to observe the squad car and collision with it, since Fee's truck went into an uncontrolled skid. Moreover, Minnesota has rejected the automatic "look-and-not-see" rule, which holds that failure to see what is in plain sight constitutes negligence as a matter of law. *Ranum v. Swenson*, 220 Minn. 170, 173–74, 19 N.W.2d 327, 330 (1945). Safe operation of a vehicle on the road does not necessarily imply a duty to observe the squad car on the shoulder of the road, which may in fact have been a distraction to safe operation. *See Wimperis v. Satzinger*, 273 Minn. at 125, 140 N.W.2d at 325–26 (tow truck with red light flashing on side of the road may have distracted driver).

**II.**

■ The trial court may grant a motion for a new trial if the verdict is

> so contrary to the preponderance of the evidence as to imply that the jury failed to consider all the evidence or acted un-

888

der some mistake or from some improper motive, bias, feeling or caprice, instead of honestly and dispassionately exercising its judgment.

*LaValle v. Aqualand Pool Co., Inc.*, 257 N.W.2d 324, 328 (Minn.1977). A new trial may also be granted for errors of law objected to at trial or assigned as error in the motion. Minn.R.Civ.P. 59.01(6).

The trial court in its memorandum indicated that the sudden emergency doctrine was not applicable because the emergency was created at least in part by Fee's own negligence. The court, however, gave the sudden emergency instruction to the jury without objection by respondent. Since there was no objection, and the instruction was not assigned as error, it is not grounds for a new trial. Minn.R.Civ.P. 59.01(6).

The trial court on a motion for a new trial may weigh the evidence to determine the extent to which it preponderates against the verdict. *Lamb*, 333 N.W.2d at 855. The testimony here, however, of those witnesses who approached the accident scene from the west, as did Fee, weighed in favor of Fee's testimony that the degree of slipperiness at the scene was unforeseeable. It is only when the testimony of those who drove westbound, Brager and the highway patrolman, is considered that a balance may have been struck. Moreover, the trial court assigned undue weight to the failure of Fee to observe the squad car.

The question of negligence, in a rear-end collision affected by adverse road or weather conditions, is for the jury. *Connaker v. Hart*, 275 Minn. 289, 291, 146 N.W.2d 607, 609 (1966). The verdict here was not contrary to the preponderance of the evidence, which supported the jury's finding, implicit in the verdict of no negligence, that the icy conditions encountered at the accident scene were not foreseeable.

## DECISION

The evidence did not so overwhelmingly show that appellant driver should have anticipated the degree of slipperiness he encountered as to support judgment notwithstanding the jury's verdict of no negligence. Nor was the verdict contrary to the preponderance of the evidence so as to support the granting of a new trial.

Reversed.