Rebecca Nordquist
**ANDERSON, Respondent,**

v.

**Dawn Alison RUMSEY, Appellant.**

**No. C6-86-1148.**

Court of Appeals of Minnesota.

Jan. 6, 1987.

Review Denied March 18, 1987.

**OPINION**

NIERENGARTEN, Judge.

Appellant Dawn Alison Rumsey appeals from a $41,806 judgment entered in favor of respondent Rebecca Nordquist Anderson contending the trial court erred by allowing opposing counsel to comment during closing argument about the effect of the jury's answer to a question in the special verdict, by allowing opposing counsel to comment about the size of an award, and by allowing testimony about insurance coverage. We affirm.

**FACTS**

Anderson's neck and back were injured in an automobile accident with Rumsey. A jury awarded her $35,000. Rumsey alleges at least three prejudicial errors were committed at trial relating to the injury or damages issues.

Rumsey first alleges that by stressing how "critically important" it was for the jury to find that Anderson's injury was permanent and by characterizing the injury in monetary terms, opposing counsel improperly informed the jury of the legal effect of an answer to a special interrogatory in violation of Minn.R.Civ.P. 49.01(1).

Rumsey also alleges that a comment by Anderson's attorney about how Rumsey's attorney would "drive home the happiest man in Minneapolis" if the jury wrote in damages for $25,000 to $35,000 was unduly prejudicial because it suggested to the jury that Rumsey had offered to settle the case for approximately those figures.

Finally, Rumsey contends that certain testimony by Anderson's husband during the course of the trial was prejudicial because the word "insurance" was spoken. Rumsey alleges the testimony was inadmissible under Minn.R.Evid. 411 and improperly elicited by Anderson's attorney.

The trial court denied Rumsey's post-trial motions for judgment notwithstanding the verdict, a new trial, or remittur in the amount of $17,000 and ordered judgment in Anderson's favor for $35,000, plus costs and interest. Rumsey appeals.

William R. Sieben, Peter H. Berge, Schwebel, Goetz, Sieben & Hanson, P.A., Minneapolis, for respondent.

Lee L. LaBore, Bradley T. Cosgriff, Lee L. LaBore & Associates, Ltd., Hopkins, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

1. Did the trial court err by denying a motion for a new trial when plaintiff's counsel commented how "critically important" it was for the jury to find that his client was permanently injured and how a specified amount of damages would make defendant's attorney "the happiest man in Minneapolis"?

2. Did the trial court err by denying a motion for a new trial when the words "insurance" and "insurance company" were uttered during the course of trial?

## ANALYSIS

Trial courts are accorded broad discretion in granting new trials for excessive damages and improper remarks by counsel in closing argument. *Bisbee v. Ruppert*, 306 Minn. 39, 47, 48–49, 235 N.W.2d 364, 370, 371 (1975). On appeal, the trial court will not be reversed "unless the conduct is so prejudicial that it would be a miscarriage of justice to permit the result to stand." *Stroncek v. Berkshire Life Insurance Co.*, 292 Minn. 57, 65, 193 N.W.2d 286, 291 (1971).

### 1. Counsel's Improper Comments

 Rumsey argues that the "critically important" comments of Anderson's attorney improperly informed the jury of the effect of an answer to a special verdict question on the ultimate rights or liabilities of the parties. *See* Minn.R.Civ.P. 49.01(1) ("neither the court nor counsel shall inform the jury of the effect of its answers on the outcome of the case").

Mere violation of Rule 49.01 is not sufficient grounds for granting a new trial. The comments or statements must be prejudicial. *See Johnson v. O'Brien*, 258 Minn. 502, 508–09, 105 N.W.2d 244, 248 (1960) (attorney's improper comments about what he thought were appropriate answers to special verdict questions did not constitute grounds for a new trial "unless it was prejudicial"). The trial court was able to observe any possible prejudicial effect the attorney's comments had on the jury, *see Stroncek*, 292 Minn. at 65, 193

N.W.2d at 291, and "will be reversed on appeal only for a clear abuse of discretion." *Connolly v. Nicollet Hotel*, 258 Minn. 405, 407, 104 N.W.2d 721, 724 (1960) (footnote omitted). We cannot conclude after reviewing the record that the trial court's refusal to grant a new trial represents a clear abuse of discretion.

 Rumsey also argues that the trial court abused its discretion by failing to grant a new trial when Anderson's attorney made a comment during closing argument that Rumsey's attorney was "going to drive home the happiest man in Minneapolis" if the jury awarded damages of $25,000 to $35,000. Rumsey contends the comment suggests an offer of compromise in violation of the rules of evidence. *See* Minn.R.Evid. 408.

"While personal references directed by one attorney against another (or remarks that might be so construed) are, at the very least, irrelevant," they do not necessarily constitute reversible error. *Connaker v. Hart*, 275 Minn. 289, 292, 146 N.W.2d 607, 610 (1966).

> Trial judges have the clear duty to take whatever action may be necessary to meet the situation and to counteract any attempted appeal to prejudice by clear, specific, and unequivocal admonition.

*Reese v. Ross & Ross Auctioneers, Inc.*, 276 Minn. 67, 71, 149 N.W.2d 16, 19–20 (1967). Rumsey's attorney objected to the statement immediately after the remark. The court sustained the objection, struck the statement, and directed the jury to disregard the remark. The trial court took appropriate remedial steps under the circumstances.

### 2. Testimony About Insurance

 Rumsey contends that the trial court abused its discretion by refusing to grant a new trial when Anderson's husband mentioned the words "insurance" and "insurance company" when he testified. Questions of prejudicial misconduct with respect to insurance coverage disclosure are "peculiarly within the discretion of the

trial court [judge] who was in a better position to judge than are we the impact of statements made to or in the presence of the jury." *Vanderlinde v. Wehle,* 274 Minn. 477, 482, 144 N.W.2d 547, 550–51 (1966). *See also Kalpin v. Helgeson,* 254 N.W.2d 378, 379 (Minn.1977) (the question of whether a new trial should be granted because of counsel's prejudicial misconduct "is committed almost entirely to the sound discretion of the trial judge").

The trial court did not believe the misstatements were intentional. Based on our review of the record, we cannot conclude that the improper statements were so prejudicial as to require a new trial.

## DECISION

The trial court did not abuse its discretion in denying a new trial when plaintiff's attorney made improper comments during closing argument and a witness alluded to insurance coverage because the remarks and statements were not "so prejudicial that it would be a miscarriage of justice to permit the result to stand."

Affirmed.