**Joel E. GRAY, Appellant,**

v.

**Coy Lee DAVIS, et al., Respondents.**

**No. CX-87-465.**

Court of Appeals of Minnesota.

Oct. 27, 1987.

Neil C. Franz, St. Cloud, for appellant.

Steven R. Schwegman, St. Cloud, for respondents.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Joel E. Gray and Coy Lee Davis were involved in a multiple vehicle accident. Gray sued Davis claiming Davis was negligent. The jury found Davis was negligent but concluded his negligence was not the direct cause of the accident. Gray moved for judgment notwithstanding the verdict or in the alternative, for a new trial. The motion was denied and Gray appeals. We affirm.

## FACTS

In February 1984 Davis was driving a Kenworth tractor with a forty-five foot trailer west on I-94 on a clear road in heavy fog. Davis saw vehicle flashers ahead of him but could not tell if the vehicle was on the road or in the ditch. Davis applied his brakes and the truck slid on a localized patch of ice with the tractor ending up on the left shoulder of westbound I-94 facing east. The trailer was at a ninety degree angle and crossed both lanes of I-94. Davis did not turn his flashers on, set flares, or use his CB or horn. He did have his headlights on, and the front of his cab was facing the oncoming traffic.

Davis did not attempt to move his truck immediately for fear of injuring someone and within minutes he was struck by a tractor trailer driven by Gray traveling westbound on I-94. Gray saw Davis' headlights and moved from the left lane to the right lane and gently applied his brakes. When he was three to four hundred feet away he saw Davis' truck and slammed on his brakes. At that point he was already on ice and slammed into Davis' trailer, cutting it into two pieces.

After the collision, four or five more vehicles slid into the area, none of which struck the parties' trucks. All of the drivers who testified at trial indicated that the road was dry up to the point of the acci-

dent, where suddenly, without warning, it became extremely slippery. One driver characterized it as glare ice. The highway patrol officer on the scene confirmed that this was a localized patch of ice.

Gray argued that Davis was negligent in failing to maintain control of his vehicle and in not warning Gray of the danger created by the trailer crossing both lanes of I-94.

## ISSUE

Was Davis' negligence a direct cause of the accident?

## ANALYSIS

In determining whether a judgment notwithstanding the verdict is appropriate, the court must determine whether there is *any* competent evidence which will reasonably support the verdict. *Thorn v. Glass Depot*, 373 N.W.2d 799, 802 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Nov. 1, 1985). The evidence must be viewed in the light most favorable to the verdict. *See Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 507, 232 N.W.2d 236, 239 (1975).

> Only where the facts are undisputed *and* reasonable minds can draw but *one* conclusion from them does the question for determination become one of law for the court.

*Newmaster v. Mahmood*, 361 N.W.2d 130, 133 (Minn.Ct.App.1985) (citing *Kramer v. Kramer*, 282 Minn. 58, 162 N.W.2d 708 (1968)) (emphasis added).

Generally, the determination of proximate cause is a question for the jury and courts will not interfere with the jury's findings. *Pluwak v. Lindberg*, 268 Minn. 524, 528-29, 130 N.W.2d 134, 138 (1964). The jury was instructed that "[a] direct cause is a cause which had a substantial part in bringing about the collision." Not every negligent act compels a finding of causation by the jury. *Thorn*, 373 N.W.2d at 804.

As for Gray's argument that Davis was negligent in failing to maintain control of his vehicle, a jury of reasonable persons could find that Davis was not negligent.

Evidence of a sudden, unexpected occurrence of glare ice on the highway coupled with the sighting of the van's flashers could support a finding that Davis encountered an emergency situation he did not create himself and acted reasonably under the circumstances. The jury had been instructed on the emergency rule:

> A person confronted with an emergency through no negligence of his own who, in an attempt to avoid the danger, does not choose the best or safest way is not negligent because of such choice unless the choice was so hazardous that a reasonable person would not have made it under like circumstances.

It was for the jury, under these circumstances, to judge Davis' conduct.

> [W]here an icy condition of a highway causes a car to skid or slide, while it is incumbent upon the driver to exercise care commensurate with the situation, it remains for the jury to determine whether he has done so * * *.

*Gran v. Dasovic,* 275 Minn. 415, 419, 147 N.W.2d 576, 579 (1966).

The jury did find negligence, however, and so we turn next to Gray's second allegation that Davis was negligent in failing to take affirmative action to warn motorists such as activating his emergency flashers or sounding his horn. It may well be that the jurors found Davis to be negligent in this respect. However, the evidence is such that the jurors could reasonably conclude that Gray would not have seen the Davis trailer any sooner even if Davis had taken such affirmative action. Such a conclusion will support a finding of no proximate cause. Under these circumstances we cannot interfere with the jury's verdict.

> "It is not our function to determine on what theory the jury arrived at its verdict. In reviewing the findings, we need only examine the record to decide whether the verdicts are consistent on any theory. Only where it is clear that findings cannot be reconciled may the * * * court set them aside."

*Flatin v. Lampert Lumber Co.,* 298 Minn. 577, 579, 215 N.W.2d 783, 785 (1974) (quoting *Nihart v. Kruger,* 291 Minn. 273, 276, 190 N.W.2d 776, 778 (1971)).

### DECISION

The jury's conclusion that any negligence on Davis' part was not the proximate cause of the accident is supported by the evidence.

Affirmed.